# EXHIBIT A

WOLLMUTH MAHER & DEUTSCH LLP
Frederick R. Kessler (FK-8168)
One Gateway Center, 9th Floor
Newark, New Jersey 07102
Telephone:  (973) 733-9200
fkessler@wmd-law.com

QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
Daniel L. Brockett (*pro hac vice*
    application forthcoming)
Jeremy D. Andersen (*pro hac vice*
    application forthcoming)
Thomas J. Lepri (*pro hac vice*
    application forthcoming)
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
danbrockett@quinnemanuel.com
jeremyandersen@quinnemanuel.com
thomaslepri@quinnemanuel.com

*Attorneys for Applicant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. | Civil Action No. |

## NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS
## TO VOLKSWAGEN GROUP OF AMERICA, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 45 of the Federal Rules of

Civil Procedure, California State Teachers' Retirement System, by its attorney Quinn Emanuel

Urquhart & Sullivan, LLP, has served the attached Subpoena upon Volkswagen Group of

America, Inc., which calls for the production of documents described in Schedule A to the

Subpoena for inspection and copying at the offices of Quinn Emanuel Urquhart & Sullivan, LLP,

51 Madison Avenue, 22nd Floor, New York, NY 10010, by _____, 2016, in accordance

with the definitions and instructions set forth in the Subpoena and Schedule A thereto.

Dated:  July 13, 2016
         Newark, New Jersey

                                    Respectfully submitted,


                                    /s/ Frederick R. Kessler_____
                                    WOLLMUTH MAHER & DEUTSCH LLP
                                    Frederick R. Kessler (FK-8168)
                                    One Gateway Center, 9th Floor
                                    Newark, New Jersey 07102
                                    (973) 733-9200


QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Daniel L. Brockett (*pro hac vice*
   application forthcoming)
Jeremy D. Andersen (*pro hac vice*
   application forthcoming)
Thomas J. Lepri (*pro hac vice*
   application forthcoming)
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
danbrockett@quinnemanuel.com
jeremyandersen@quinnemanuel.com
thomaslepri@quinnemanuel.com

*Attorneys for Applicant*

## SCHEDULE A TO SUBPOENA

(Volkswagen Group of America, Inc.)

## DEFINITIONS

A.      "You" and "Your" and "VWoA" means Volkswagen Group of America, Inc., and each of its members, parents, subsidiaries, including but not limited to any subsidiaries, affiliates, or current or former officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisor, bankers, experts, or any other person acting on its behalf.

B.      "Affected Diesel Cars" means the diesel vehicles identified in the Environmental Protection Agency's Notices of Violation dated September 18, 2015, and November 2, 2015, including:

| Model Year | Make and Models |
|---|---|
| 2009 | VW Jetta, VW Jetta Sportwagen |
| 2010 | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2011 | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3, VW Passat |
| 2013 | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3, VW Passat |
| 2014 | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3, VW Passat, VW Touareg |
| 2015 | VW Beetle, VW Beetle Convertible, VW Golf, VW Golf Sportwagen, VW Jetta, VW Passat, Audi A3, Porsche Cayenne |
| 2016 | Audi A6 Quattro, A 7 Quattro, A8, A8L, and Q5 |

C.      "Communication" means any oral or written statement, dialogue, discussion, exchange, conversation, disclosure, or transmittal of information whether in-person, by telephone, any form of video transmission, mail, e-mail, facsimile, personal delivery, computer transmission, or otherwise.

D.      "Concerning" means regarding, relating to, referring to, reflecting, discussing, describing, analyzing, supporting, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, or mentioning.

E.      "Documents" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and means all written, printed, typed, electronically stored, recorded, graphic or photographic matter, including sound reproduction, however produced or reproduced, whether mechanically or electronically recorded, regardless of whether draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the foregoing, the term "Document" includes correspondence, communications, minutes, notes, reports, file notes, correspondence, presentations, tests, analyses, studies, contracts, agreements, term sheets, letters, telegrams, mailgrams, memoranda, inter-office or intra-office communications, memoranda for files, memoranda of telephone or other conversations or meetings, any type of transcript (including conference calls and television interviews), press releases, statements, financial models, calendars, appointment books, schedules, bulletins, checks, invoices, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, notebooks, work papers, drawings, graphs, charts, photographs, phone records, video or voice recordings, electronic tapes, printouts, data cards, and other data compilations from which information can be obtained, which are in the possession, custody or control of You or Your counsel.  "Documents" also shall include all electronic data including e-mails and any related attachments, electronic files or other data compilations which relate to the categories of

documents listed above, whether stored on a personal computer, network computer system, backup computer tape, server, and/or disk, or by some other storage mechanism or database.

Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals, copies, or drafts, shall be considered to be separate Documents.

F.      "Document Requests" means the requests for production of Documents set forth herein.

G.      "European Commission Reports" means (i) the 2011 report by the European Commission's Joint Research Centre (the "JRC") entitled "On-Road Emissions of Light-Duty Vehicles in Europe" and (ii) the 2012 report by the JRC entitled "Will Euro 6 reduce the NOx emissions of new diesel cars? – Insights from on-road tests with Portable Emissions Measurement Systems (PEMS)."

H.      "ICCT Report" means the May 15 2014 report published by the International Council on Clean Transportation, entitled "In-Use Emissions Testing of Light-Duty Diesel Vehicles in the United States."

I.      "Including" means "including but not limited to."

J.      "Person" means any natural person or any business, legal or governmental entity or association.

K.      Whenever necessary to bring within the scope of these requests Documents that might otherwise be construed to be outside their scope:

(a)      the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

(b)      the use of a word in its singular form shall be deemed to include within its use the plural form as well;

(c)      the use of a word in its plural form shall be deemed to include within its use the singular form as well;

(d)      the use of any capitalized word shall include the same word uncapitalized, and the use of any uncapitalized word shall include the same word capitalized;

(e)      the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all Documents that might otherwise be construed to be outside its scope; and

(f)      the terms "all" and "each" shall be construed as all and each.

L.      "Volkswagen" means Volkswagen AG, a German corporation, and each of its members, parents, subsidiaries, including but not limited to any subsidiaries, affiliates, or current or former officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, financial advisor, bankers, experts, or any other person acting on its behalf.

M.      Notwithstanding any other instruction or definition, this subpoena seeks only documents in the possession, custody, or control of VWoA.

[*Remainder of Page Intentionally Left Blank*]

## <u>INSTRUCTIONS</u>

A.      Unless otherwise specified in a particular request, each request herein seeks all Documents that were dated, prepared, modified, sent, or received in the period from April 1, 2004 to the present, and any Documents related to that period whenever generated.

B.      Produce all Documents in the manner in which they are maintained in the usual course of Your business or organize and label the Documents to correspond with the categories in this Schedule A.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

C.      If and to the extent Documents are maintained in a database or other electronic format, produce along with the Document(s) software that will enable access to the electronic Document(s) or database as You would access such electronic Document(s) or database in the ordinary course of Your business.

D.      Produce Documents in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

E.      Any Document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of Document, (2) the general subject matter of the Document, (3) the date of the Document, and (4) such other information as is sufficient to identify the Document including the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author and the addressee to each other.  The nature of each claim of privilege shall be set forth.

F.      Documents attached to each other should not be separated.

G.     Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by this subpoena.

H.     In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

I.     In collecting material in response to this discovery request, You are requested to search the electronic, e-mail, and hard copy files of all individuals, groups, or departments likely to have possessed responsive materials.

J.     If You object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

K.     Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation.  The use of the singular form of any word includes the plural and vice versa.  The past tense shall include the present tense and vice versa.

[*Remainder of Page Intentionally Left Blank*]

## DOCUMENTS REQUESTED

1.      All Communications and Documents concerning the development of a diesel engine that complies with U.S. emissions standards, exchanged between, among, or within the following entities from 2004 to the present:

      a.      Volkswagen's department for engine development (or *Aggregatentwicklung*), including but not limited to Communications and Documents sent or received by Heinz-Jakob Neußer or Wolfgang Hatz.

      b.      Volkswagen's department for the development of diesel motors (or *Diesel-Aggregatentwicklung*), including but not limited to Communications and Documents sent or received by Falko Rudolph.

      c.      Volkswagen's department for engine development of the group brand "Volkswagen Cars" (or *Volkswagen PKW*), including but not limited to Communications and Documents sent or received by Ulrich Hackenberg or Heinz-Jakob Neußer.

      d.      Volkswagen's Executive Board, including but not limited to Communications and Documents sent or received by Martin Winterkorn.

      e.      VWoA's Executive Board, including but not limited to Communications and Documents sent or received by Michael Horn.

2.      All Documents concerning the development of emissions control software used in Affected Diesel Cars from 2004 to the present.

3.      All minutes of meetings of the "Committee for Product Safety" (or the *Ausschuss für Produkt-Sicherheit*) in which emissions irregularities in the Affected Diesel Cars were discussed and all Documents prepared before or after such meetings in relation thereto.

4.      All Communications between or among Volkswagen, VWoA, or Robert Bosch GmbH concerning emissions control software which was installed in the Affected Diesel Cars, including but not limited to any Communications in 2007 from Robert Bosch GmbH to Volkswagen in which Bosch warned about the use of the defeat device software.

5.      All Documents concerning assessments or considerations of executives or employees of Volkswagen or VWoA concerning the consequences of violations of U.S. emissions standards.

6.      All Communications between Volkswagen and VWoA from May 1, 2014 to the present concerning compliance with U.S. emissions standards, including but not limited to concerning allegations concerning diesel emissions made in May 2014 by the Environmental Protection Agency and the California Air Resources Board.

7.      All non-privileged Communications between Volkswagen and VWoA concerning their dealings with the law firm Kirkland & Ellis from May 1, 2014 to the present.

8.      All Documents concerning the following documents or events described in the press release issued by Volkswagen in March 2016, entitled "Volkswagen considers shareholder lawsuit to be without merit":

a.      The May 23, 2014 memorandum prepared for Martin Winterkorn concerning the ICCT Report.

b.      The November 14, 2014 memorandum to Martin Winterkorn that reported on several product defect cases and referred to a cost framework of approximately 20 million euros for resolving the diesel issue in North America.

c.      The minutes of the meeting held on July 27, 2015, at which individual Volkswagen employees discussed the diesel issue in the presence of Martin Winterkorn and Herbert Diess.

d.      The August 2015 meeting at which Volkswagen technicians gave a full explanation of the technical causes for the irregularities discovered concerning the emission of nitrogen oxides in the U.S. to lawyers from the Volkswagen Legal Department as well as to the U.S. attorneys from Kirkland & Ellis.

e.      The September 4, 2015 note to the attention of Martin Winterkorn, discussing a September 3, 2015 meeting with government regulators.

9.       All Documents concerning a meeting of Volkswagen PKW's brand management held on August 24, 2015, including Documents drafted in preparation for the meeting.

10.      Volkswagen's reports, regulations, concepts, and guidelines etc. concerning compliance with capital markets disclosure obligations from 2006 to the present.

11.      The source code(s) of the defeat device software used in the Affected Diesel Cars.

12.      The PowerPoint presentation prepared by a Volkswagen technology expert or executive in 2006, describing the possible use of auxiliary emission control devices in Volkswagen cars to pass U.S. emissions testing.

13.      All Documents concerning meetings of the board of directors of VWoA at which the use of defeat devices was discussed or considered.

14.      All Communications within VWoA and all Communications between VWoA and Volkswagen AG concerning whether and when to make public disclosures concerning the use of defeat devices in Volkswagen cars.

15.      All Communications within VWoA and all Communications between VwOA and Volkswagen AG concerning any analysis concerning the possible impact on Volkswagen shareholders resulting from public disclosures concerning the use of defeat devices in Volkswagen cars.

16.      All Communications between VWoA and the U.S. Environmental Protection Agency or the California Air Resources Board concerning the use of defeat devices in Volkswagen cars.

17.      All Communications between Volkswagen or VWoA with the Environmental Protection Agency or the California Air Resources Board from May 1, 2014 to the present concerning compliance with U.S. emissions standards, including but not limited to all

Documents concerning the meeting between representatives of Volkswagen or VWoA and the California Air Resources Board on December 2, 2014.

18.     All Communications between Volkswagen or VWoA and the U.S. Environmental Protection Agency regarding applications for certificates of conformity for the Affected Diesel Cars pursuant to 40 C.F.R. § 86.1843-01 (or any equivalent provision in force at the relevant time) insofar as they relate to lists of auxiliary emission control devices (AECD) installed in the Affected Diesel Cars and any justifications or explanations given pursuant to 40 C.F.R. § 86.1844-01 (d) (11) (or the equivalent provison in force at the relevant time).

19.     All Communications from the California Air Resources Board to Volkswagen on July 8, 2015, informing Volkswagen about its own emissions tests in connection with the emissions irregularities in Volkswagen cars.

20.     All Documents concerning the ICCT Report.

21.     The e-mail dated May 25, 2014 from Oliver Schmidt to Michael Horn, including any attachments, in which Mr. Schmidt informed Mr. Horn about the ICCT Report.

22.     All Communications from Volkswagen or VWoA to the Environmental Protection Agency or the California Air Resources Board in October 2014 in which Volkswagen claimed that the results of the ICCT Report were based on technical mistakes and unexpected circumstances in the testing series.

23.     All Documents concerning a meeting between VWoA and the California Air Resources Board on August 19, 2015.

24.     All Communications between Volkswagen or VWoA and the European Commission concerning the European Commission Reports.

25. All Documents created by Volkswagen or VWoA employees considering the implications of the European Commission Reports for Volkswagen's own diesel cars.

26. All Communications between Volkswagen and/or VWoA and car service stations, car dealers, or testing organizations (including but not limited to the German Technical Inspection Association, or "TÜV") between 2008 and the present concerning emissions irregularities in Volkswagen diesel cars.

27. All documents and communications that You produced to the plaintiffs in the action captioned *In re: Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*, Case No. 3:15-md-02672, pending in the Northern District of California.