NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. | Civil Action No. 2:16-cv-4251 (SRC)(CLW)  **OPINION & ORDER** |

**THIS MATTER** comes before the Court upon motion by Respondent Volkswagen Group of America, Inc. ("VWGoA"), to vacate the *ex parte* order granting discovery pursuant to 28 U.S.C. § 1782 and to quash the subpoena Applicant, California State Teachers Retirement System ("CalSTRS"), served upon VWGoA. The Court heard oral argument on this matter on December 9, 2016 and, for the reasons set forth below, the Court denies Respondent's motion.

On July 13, 2016, Applicant filed an application under 28 U.S.C. § 1782 for an order authorizing a subpoena directing VWGoA to produce documents for use in a foreign proceeding in Germany between CalSTRS and Volkswagen AG, a German corporation. (Application, ECF No. 1.) In the German action CalSTRS, a shareholder of Volkswagen AG, seeks compensation for losses caused by Volkswagen AG's breaches of the Germany Securities Trading Act and Civil Code. CalSTRS alleges Volkswagen AG failed to "inform the market for years about its practice of installing and using "defeat device" software in more than 10 million diesel vehicles it sold in the United States and around the world." (Applicant's Memorandum of Law in Support of its *Ex Parte* Application, ECF No. 1-3 at 1.) This Court granted the *ex parte* application on July 21, 2016.

The Respondent filed the instant motion (ECF No. 23), on September 9, 2016 requesting the Court to vacate the Section 1782 Order and quash the related subpoena (ECF No. 3, Exhibit

A.) CalSTRS has not sought discovery from Volkswagen AG in German Court. Applicant's twenty-seventh request in its subpoena seeks all "documents [it] produced in the [multidistrict litigation]." (Brief, at 1.) Respondent argues these 16 million pages of documents are not relevant to the German Action because they involve "claims arising solely under U.S. law and U.S. emissions standards." (Brief, at 2.) VWGoA believes CalSTRS additional 26 document requests are actually targeted at obtaining documents from VWAG through VWGoA. (Brief, at 2.) Respondent points to the language in the subpoena where CalSTRS seeks documents from VWGoA as well as VWGoA parents, subsidiaries, or affiliates. VWGoA is incorporated in New Jersey but, as to the other entities Respondent contends the subpoena is in violation of Section 1782's "found" requirement. 28 U.S.C.A. § 1782. Additionally, Respondent argues that all four discretionary factors the Supreme Court established in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004), weigh against discovery.

Applicant filed its Opposition to the Motion of VWGoA to Vacate *Ex Parte* Section 1782 and to Quash Subpoena (ECF No. 24, henceforth "Opp. Brief") on October 12, 2016. In its Opposition, Applicant argues that "[t]he sale of [the] offending vehicles in the U.S. is a large part of why Volkswagen's shareholders have been harmed." (Opp. Brief, at 1.) CalSTRS clarifies that the subpoena "seeks only documents in the possession, custody, or control of" VWGoA. (ECF No. 3, Exhibit A at 6.) Applicant represents under the subpoena VWGoA is only obligated to produce documents in "VWGoA's possession, custody, or control." Applicant rebuts VWGoA argument that CalSTRS can obtain the documents from its German parent company because there is no discovery in Germany and Respondent has made no representation that Volkswagen AG possesses every requested document. (Opp. Brief, at 3.)

**I.     Legal Standard**

Under 28 U.S.C. § 1782(a), "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . [t]he order may be made . . . upon the application of any interested person."  A prima facie showing under the statute mandates that the application be made:

> (1) "by a foreign or international tribunal" or "any interested person," (2) that it be "for use in a proceeding in a foreign or international tribunal," and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed.

*In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998), *as amended* (July 23, 1998).

If the statutory requirements are met, a district court may, in its discretion, grant the application.  The statute "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Kulzer v. Esschem*, Inc., 390 F. App'x 88, 92 (3d Cir. 2010).  But, "[c]onsistent with . . . Congress's goal of providing equitable and efficacious discovery procedures, district courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application." *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998), as amended (July 23, 1998).  The party opposing the application "has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application." *Id*. at 196.

The Supreme Court has identified four discretionary factors that the district court may consider when ruling on a § l782 matter:

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character or the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the §

> 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign county or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests.

*Intel Corp. v. Advanced Micro Devices*, *Inc*., 542 U.S. 241, 247 (2004).

## II. Legal Discussion

### a. Statutory Factors

Pursuant to the Court's Order dated July 22, 2016, the Court finds that Petitioner's application satisfies the statutory requirements set forth in 28 U.S.C. § 1782. CalSTRS is a party to the litigation against Volkswagen AG, pending in the Braunschweig Regional Court in Germany. Applicant is seeking documents to be used as part of that proceeding in Germany. Respondent does not contest that VWGoA is a New Jersey corporation, but surmises that the subpoena is targeted at documents outside of the U.S. in the possession of Volkswagen AG in Germany, of which VWGoA is a subsidiary. Respondent believes CalSTRS is using Section 1782 to end-run the statutory "found" requirements by causing VWGoA to produce Volkswagen AG documents. (Brief, at 11.)

By Applicant's own admission, regardless of references to parents, subsidiaries, or affiliates, only those documents in the possession of VWGoA are subject to the subpoena. (Opp. Brief, at 1-2.) While some Volkswagen AG documents in the possession of VWGoA may be produced, there is nothing in the statute or case law to indicate that this, on its face, would amount to an improper application of Section 1782. Enforcement of this subpoena would not require VWGoA to produce documents held by its parent corporation in Germany. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc*., 233 F.R.D. 143 (D. Del. 2005).

### b. <u>Discretionary Factors</u>

The Applicant has satisfied each of the statuary factors but, as articulated by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id*. at 264. The Court considers in turn each of the discretionary factors outlined in *Intel Corporation*.

#### i. *Jurisdictional Reach of the Foreign Tribunal*

The Supreme Court indicated that "when the person from whom discovery is sought is a participant in the foreign proceeding" there is less of a need for discovery under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). A foreign tribunal has jurisdiction over those appearing before it, but a nonparticipant to the proceeding may be outside the jurisdictional reach of the foreign tribunal. VWGoA is not a party to the German Action and is not a resident of Germany. As indicated in Dr. Stadler's affidavit, a German law professor at the University of Konstanz, the German court has no legal authority to compel VWGoA to produce any documents. (Affidavit at ¶4, ECF No. 24-1.) Additionally, there is no concept of discovery in German litigation. (Affidavit at ¶5, ECF No. 24-1.)

#### ii. *Nature and Receptivity of the Foreign Tribunal*

The Court can consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). However, the Third Circuit has made it clear that a "requirement that the materials sought be discoverable in the foreign jurisdiction would be inconsistent with both the letter and spirit of the statute." *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998), as amended (July 23, 1998).

Respondent raises the issue that in similar Section 1782 proceedings pending in the multi-district litigation in California the applicants have attempted to obtain documents from three German authorities based on their investigation of Volkswagen.  All three German authorities refused to turn over the documents until the conclusion of their investigation. (Brief, at 10.)  The German authorities' unwillingness to turn over documents from an ongoing investigation is not instructive under the *Intel* factors, nor is it indicative of German courts' receptivity to discovery practices abroad.  Moreover, there is no threshold requirement that discovery first be sought in Germany or that the materials be discoverable in the foreign jurisdiction. (Opp. Brief, at 15-16.)

### iii.  *Attempt to Circumvent Foreign Restrictions on Evidence Gathering*

The third discretionary factor requires the Court to consider whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Id.* at 265.  While there has been evidence presented that discovery is not part of pretrial procedures in Germany, there is no indication of a restriction on this type of evidence gathering.  In fact Applicant presented case law showing German courts often welcome this evidence as part of their proceedings. (Opp. Brief, at 15-16.)

### iv.  *Whether the Requests Are Unduly Intrusive or Burdensome*

Finally, the Court must consider whether the discovery sought is unduly intrusive or burdensome.  The Third Circuit has indicated that "assessment of the fourth factor is virtually identical to the familiar "overly burdensome" analysis that is integral to the Federal Rules." *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016).  Courts only allow discovery that is reasonably calculated to lead to discovery of admissible evidence pursuant to Rule 26.  Rule 45 further provides that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person

subject to the subpoena." *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016).

Applicant has twenty-six tailored requests that target specific issues and seek particular documents. CalSTRS twenty-seventh request encompasses 16 million documents produced in the related multidistrict litigation. At Oral Argument held on December 9, 2016, Applicant represented it was prepared to withdraw this last request. (Tr: 43: 7-10.) The Court instructs CalSTRS to strike the twenty-seventh request from its subpoena and shall permit discovery pursuant to the remainder of the subpoena. On balance, the discretionary factors that the Supreme Court articulated in *Intel Corporation*, weigh in favor of denying Respondent's motion to vacate and quash the subpoena with respect to the first twenty-six requests.

The parties are to meet and confer prior to exchanging discovery and submit to the Court a protective order that will govern the exchange of documents in Germany. The Order shall be at least as restrictive as the protective order currently in place in the related U.S. multidistrict litigation. Dr. Nadine Herrmann's Declaration[1] outlines additional protections for addressing VWGoA confidentiality concerns on a document by document basis, these procedures shall be incorporated in practice and memorialized in the protective order.

### III. Conclusion and Order

Based on the foregoing the Court finds that CalSTRS application satisfies both the relevant statutory and discretionary factors for the first twenty-six paragraphs of the related subpoena;

**IT IS** on this 28th day of December, 2016,

**ORDERED** that Respondent VWGoA motion to vacate the Section 1782 order and quash the subpoena is **DENIED**;

---

[1] *See* Declaration of Dr. Nadine Hermann, partner at Quinn Emanuel Urquhart & Sullivan, LLP and lead counsel in the German action filed by CalSTRS (ECF No. 43-2).

- 8 -

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 23.


               *s/Cathy L. Waldor*
               **CATHY L. WALDOR**
               **United States Magistrate Judge**